THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| In re:  THE FREE LANCE-STAR PUBLISHING<br>CO. OF FREDIERSICKSBURG, VA, *et al.*,<br><br>Debtors. | Case No. 14-30315-KRH<br>Chapter 11<br>(Jointly Administered) |
| DSP ACQUISITION, LLC,<br><br>Plaintiff,<br><br>v.<br><br>THE FREE LANCE-STAR PUBLISHING<br>CO. OF FREDERICKSBURG, VA, and,<br>WILLIAM DOUGLAS PROPERTIES, LLC,<br><br>Defendants. | APN 14-03038-KRH |

## MEMORANDUM OPINION ON EMERGENCY MOTION FOR RECONSIDERATION

Before the Court is the Emergency Motion of DSP Acquisition, LLC ("DSP") for Reconsideration of the Court's March 24, 2014 ruling (the "Ruling") excluding certain documentary evidence submitted during the hearing on DSP's motion for summary judgment in this adversary proceeding. DSP moves the Court to reconsider the admissibility of the Excluded Exhibits[1] pursuant to Rule 56(e) of the Federal Rules of Civil Procedure, as incorporated by Rule 9023 of the Federal Rules of Bankruptcy Procedure.

---

[1] The Court excluded the following exhibits to the Declaration in Support: A-2; G-2; G-4; H-2; H-3; I; J; K-3; L; L-4; M; and N (collectively, the "Excluded Exhibits").

DSP commenced this adversary proceeding on March 10, 2014, by filing a complaint against The Free Lance-Star Publishing Co. of Fredericksburg, VA and William Douglas Properties, LLC (collectively, the "Defendants"), seeking declaratory judgment as to the priority and extent of certain liens and property interests (the "Complaint"). The Court heard arguments and received evidence at a hearing conducted on March 24, 2014, in connection with a motion filed by DSP seeking summary judgment on the Complaint. During the hearing, DSP offered the Excluded Exhibits into the evidentiary record. The Excluded Exhibits were offered for their content and to prove that either BB&T or DSP had filed financing statements with the State Corporation Commission or with the Clerks of the Circuit Courts of Stafford, Spotsylvania, and Caroline Counties. DSP attempted to authenticate copies of these filings and introduce them into evidence through its witness, Allyson Brunetti ("Ms. Brunetti").[2] Ms. Brunetti claimed to be an employee of DSP and the custodian of its business records.[3]

During her testimony at the Hearing, it became apparent that Ms. Brunetti had not reviewed the Excluded Exhibits. In fact, Ms. Brunetti had very little knowledge of the Excluded Exhibits and could merely read the titles of the Excluded Exhibits off of the documents in front of her. Ms. Brunetti lacked a basic understanding of what the Excluded Exhibits were or of what their purpose was. It was also clear that she was not the custodian of the records related to the DSP loan file for the Debtors. Contrary to assertions in the Declaration in Support that Ms. Brunetti had personal knowledge about the Excluded Exhibits and that, based upon her review of

---

[2] DSP offered the evidence through the Declaration of Ms. Brunetti (the "Declaration in Support") that it filed in support of the Complaint and in support of Plaintiff's Motion for Summary Judgment as well as through her live testimony.

[3] Ms. Brunetti testified in her Declaration in Support that she had "personal knowledge of the matters set forth herein and, if called as a witness, would testify competently thereto" (Declaration, Par. 1.). She further testified: "To the best of my knowledge, and based on my review of the documents generated by DSP in the ordinary course of business, the facts stated in the Complaint are true and correct."

2

the Excluded Exhibits and the other documents in DSP's Loan file, the facts alleged in the Complaint were true, she admitted through her testimony that she really had very little personal knowledge with regard to any of the documents to which her testimony applied. Notwithstanding the statements in the Declaration in Support to the contrary, DSP's counsel admitted that Ms. Brunetti had nothing to do with preparing the Complaint and indicated that asking Ms. Brunetti questions about the Complaint would not provide satisfactory answers. The Court found the Declaration in Support to be false and misleading. The Court found the live testimony of Ms. Brunetti to be implausible. Finding that the documents were not properly identified or authenticated by Ms. Brunetti, the exhibits were excluded by the Court.

On March 25, 2014, DSP filed an Emergency Motion for Reconsideration of the Court's Ruling to exclude the exhibits (the "Motion"). The Court gave the Defendants and The Official Committee of Unsecured Creditors (the "Committee") an opportunity to respond, which they did by filing separate objections to the Motion on March 28, 2014. The Court announced its decision on the Motion at a hearing conducted on March 31, 2014. The Court concluded that *DSP was unable to properly identify and authenticate the Excluded Exhibits through its witness, Ms. Brunetti*, and that DSP had chosen not to pursue alternative, and viable, avenues for authentication. The Court found no clear error of law or evidence of manifest injustice that would justify revisitation of its prior ruling. The Court concluded that the evidence was rightly excluded and, therefore, denied the Motion.

Reconsideration should be granted where the movant can show either that: (1) there is newly available evidence; (2) there is an intervening change in the controlling law; or (3) there is a need to correct a clear error of law or prevent manifest injustice. *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993); *In re Circuit City Stores Inc.*, 08-35653, 2010 WL 2425957

3

(Bankr. E.D. Va. June 9, 2010); *see also North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995); *Lony v. E.I. DuPont de Nemours & Co.*, 935 F.2d 604, 608 (3d Cir. 1991). Reconsideration is appropriate where "the [c]ourt has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the [c]ourt by the parties, or has made an error not of reasoning but of apprehension." *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983); *see also In re E.M. Williams & Sons, Inc.*, 2009 WL 2211727, *1 (Bankr. E.D. Va. 2009).

Reconsideration should not be used to implore the court to "rethink what the Court had already thought through." *Above the Belt*, 99 F.R.D. at 101; *see also Zdanok v. Glidden Co.*, 327 F.2d 944, 953 (2d Cir. 1964) ("[W]here litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again."). Furthermore, a Rule 59(e) motion "may not be used to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (quoting *Frietsch v. Refco, Inc.*, 56 F.3d 825, 828 (7th Cir. 1995)); *see also In re Circuit City Stores* at *4.

DSP asserts reconsideration of the Excluded Exhibits is appropriate based on the third prong of the test: to correct a clear error of law or prevent manifest injustice. The issue before the Court is two-fold: (1) whether the Court's denial of the Motion was based on a clear error of law, or (2) whether the Court's decision caused a manifest injustice. The Court finds that DSP cannot prevail on either ground.

DSP alleges that the Excluded Exhibits were properly authenticated under Rule 901(b)(7) of the Federal Rules of Evidence.[4] Rule 901(b)(7) permits "authentication of certain documents *by evidence* that the documents are authorized by law to be recorded or filed in a public office and that they are in fact so recorded and filed." *See Weinstein's Federal Evidence* § 901.10. (emphasis added). The Rule requires "proof that the document was recorded and filed in a public office that is authorized by law to record and file it." *Id.* DSP contends that this threshold is low and that the Court erred in excluding the evidence. DSP relies on Ms. Brunetti's testimony that she is an employee of DSP, that she is the custodian of DSP's business records, and that the Excluded Exhibits are accessible from the appropriate government filing office. DSP alleges that such evidence satisfies the requirements of Rule 901(b)(7).

The Court found the testimony offered by Ms. Brunetti was not credible. She was unable to speak to the documents at issue. She admitted that the documents were not in her custody at DSP but were held by CitiBank. Ms. Brunetti did not possess knowledge of the contents of the documents and she could not verify facts in response to questions addressing their authenticity. DSP requests that the Court consider Ms. Brunetti's credibility exclusively with regard to the weight of the evidence, not its admissibility. The preliminary question for the Court to decide, however, is admissibility. Evidence must first be admitted before a trier of fact can determine

---

[4] Federal Evidence Rule 901(a) provides a general rule. It states that "[t]o satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is." Fed R. Evid. 901(a). Federal Rule of Evidence 901(b) provides a list of examples that would satisfy the requirement set forth in Federal Rule of Evidence 901(a). The example set forth in Rule 901(b)(7) is "Evidence that: (A) a document was recorded or filed in a public office as authorized by law; or (B) a purported public record or statement is from the office where items of this kind are kept." Fed R. Evid. 901(b)(7). Federal Rule of Evidence 1005 provides that a "proponent may use a copy to prove the content of an official record -- or of a document that was recorded or filed in a public office as authorized by law -- if these conditions are met: the record or document is otherwise admissible; and the copy is certified as correct in accordance with Rule 902(4) or is testified to be correct by a witness who has compared it with the original. If no such copy can be obtained by reasonable diligence, then the proponent may use other evidence to prove the content." Fed R. Evid. 1005.

what weight to assign. *See, e.g., United States v. Stamper*, 766 F. Supp. 1396, 1399 (W.D.N.C. 1991). Ms. Brunetti's testimony cannot serve to authenticate the Excluded Exhibits.

There is no doubt that Ms. Brunetti could have authenticated the documents had she been able to testify that she had compared the copies to the originals of the filed documents and verified that the copies were accurate. *See* Fed R. Evid. 1005. The rules permit authentication of public records through evidence that such records are what they claim to be and were filed in a public office as required by law. *See* Fed. R. Evid. 901(b)(7). *See, e.g., Lorraine v. Markel Amer. Ins. Co.*, 241 F.R.D. 534, 548 (D. Md. 2007) (indicating that documents can be authenticated by "the testimony of a witness with knowledge that the evidence is in fact from a public office authorized to keep such a record"). Ms. Brunetti could not testify about where the Excluded Exhibits originated or about whether the Excluded Exhibits had in fact been filed. Regardless of the witness's credibility, the testimony of Ms. Brunetti does not rise to the standards required by Federal Evidence Rules 901(b)(7) and 1005.

Alternatively, DSP requests that the Court take judicial notice of the Excluded Exhibits pursuant to Rule 201 of the Federal Rules of Evidence. Rule 201 provides:

> The court may judicially notice a fact that is not subject to reasonable dispute because it:
>
> (1) is generally known within the trial court's territorial jurisdiction; or
> (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

Judicial notice may be requested at any stage of a proceeding. *See, e.g., In re Indian Palms Assocs. Ltd.*, 61 F.3d 197, 206 (3d Cir. 1995); *In re Stathatos*, 163 B.R. 83 (N.D. Tex. 1993). The court may take judicial notice on its own but "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2).

DSP argues the Excluded Exhibits, as publicly filed documents, are not subject to reasonable dispute because they can be accurately and readily determined from the government entities with which they were filed.[5] DSP believes the Court has the information necessary to take judicial notice of the Excluded Exhibits, pursuant to Rule 201 of the Federal Rules of Evidence, by way of the Declaration in Support and its relevant exhibits, marked as Exhibit DSP-D at the hearing on March 24, 2014.

Judicial notice is not the appropriate means for this Court to review filings that may be available publicly, but outside of the docket or evidence admitted in the bankruptcy proceedings. The Excluded Exhibits do not contain information that is either generally known or accurately and readily determinable from sources whose accuracy cannot reasonably be questioned. *See* Fed. R. Evid. 201. Although filings from the clerks' offices themselves likely satisfy the second prong, DSP failed to show that the Excluded Exhibits indeed came from the clerks' offices. Many of the filings bore no stamp or mark indicating their origin, nor was testimony offered from the clerk's office verifying the authenticity. This renders the present case distinguishable from those cited by DSP in which the documents bore marks indicative of their source.[6] In the present case, absent such marking or testimony, reasonable doubt remains as to the authenticity of the Excluded Exhibits.

DSP also urges this Court to reconsider its Ruling to prevent manifest injustice. DSP alleges exclusion is an extraordinary sanction and should not be imposed lightly. *Taylor v.*

---

[5] *See Va. Innovation Sciences, Inc. v. Samsung Elec. Co.*, Case No. 2:12cv548, 2013 WL 6053846 at *2 (E.D. Va. Nov. 15, 2013) (court took judicial notice of Notice of Allowability); *Ali v. Allergan U.S.A., Inc.*, Case No. 1:12-CV-115, 2012 WL 3692396 at *1 (E.D. Va. 2012) (court took judicial notice of documents pertaining to FDA approval of medical device); *In re New Century TRS*, 502 B.R. 416, 424 (Bankr. D. Del. 2013) (court took notice of documents filed with clerk of state court to the extent that documents showed filings were made); *Hayes v. United States*, 461 F. Supp. 1168, 1174 (C.D. Ca. 1978) (court took notice of deeds, finding because deeds are recorded in the County Index, they are not subject to reasonable dispute and capable of accurate and ready determination).

[6] *See supra* note 5.

*Illinois*, 484 U.S. 400, 436 n. 7 (1988). DSP suggests the exclusion of the evidence would be unjust to DSP given the clear documentation in public records and the nature of the adversary proceeding; the proceeding seeks to determine the extent of the liens, not their existence. DSP concludes that to exclude readily available documents of public record from evidence, despite independent indicia of their veracity, would cause a manifest injustice to DSP.

No manifest injustice arises from the Court's denying admission of the Excluded Exhibits. DSP had every opportunity to avail itself of the various avenues for authenticating the documents it seeks to have admitted. DSP attempted to have the Excluded Exhibits admitted through testimony of a custodian who quite clearly lacked the requisite knowledge to identify, verify or discuss the documents. DSP could have secured the testimony from an officer of the jurisdiction where the filings were allegedly made. *See, e.g., Markel Amer. Ins. Co.*, 241 F.R.D. at 548 ("This may be done by . . . '[t]estimony of an officer who is authorized to attest to custodianship.'" (quoting *Weinstein's Federal Evidence* §901.10[2])). DSP could have presented self-authenticating documents. *See* Fed. R. Evid. 902(4).[7] DSP had nearly eight weeks between the date that the sale motions were filed, challenging the status of DSP's liens, and the date of the evidentiary hearing. DSP could have obtained the necessary certified copies. Just as DSP made the strategic decision not to produce a knowledgeable witness at the evidentiary hearing to testify on its behalf, DSP also made the calculated decision not to produce self-authenticating documents. DSP chose its course and cannot now claim manifest injustice simply because its strategy proved to be unsuccessful.

---

[7] Federal Rule of evidence 1005 provides that a "proponent may use a copy to prove the content of an official record -- or of a document that was recorded or filed in a public office as authorized by law -- if these conditions are met: the record or document is otherwise admissible; and the copy is certified as correct in accordance with Rule 902(4) . . ." Fed. R. Evid. 1005.

The Court finds DSP was unable to properly authenticate the Excluded Exhibits through its witness, Ms. Brunetti, and that DSP chose not to pursue alternative, and viable, avenues for authentication. Accordingly, the Court concludes that there was no clear error of law or evidence of manifest injustice. The Emergency Motion for Reconsideration of the Court's Ruling is denied.

A separate order shall issue.

ENTERED: __April 14 2014_____

/s/Kevin R. Huennekens
UNITED STATES BANKRUPTCY JUDGE

ENTERED ON DOCKET
April 14, 2014